F I L E D
Clerk
District Court
JUL 11 2016
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **ROQUE SABLAN NORITA**, <br> Defendant. | Case No. 1:09-cr-00026 and 1:10-cr-00030 <br><br> **MEMORANDUM ON REVOCATION OF SUPERVISED RELEASE UNDER 18 U.S.C. § 3583(g) AND MODIFICATION OF CONDITIONS OF RELEASE UNDER 18 U.S.C. § 3583(d)** |

## I. INTRODUCTION

After serving a term of incarceration for drug distribution and illegal firearm possession, Defendant Roque Sablan Norita was placed on supervised release. A condition of his release is that he not use illegal drugs. After Norita failed a drug test and later admitted to his probation officer that he had used "ice" (methamphetamine hydrochloride), the Government moved to revoke his supervised release.

The matter came on for a hearing on July 1, 2016. The legal issue at the center of the parties' arguments was whether a federal statute, 18 U.S.C. § 3583(g), required the Court to revoke Norita's supervised release.[1] The Court found it was not required to do so under the particular circumstances of this case, and instead modified the conditions of Norita's release to include 100 hours of community service. This memorandum describes the legal options available when a defendant has failed a drug test and the reasons for the Court's determination with respect to this defendant.

---

[1] It was also the focus of the Government's Memorandum in Aid of Sentencing (ECF No. 53).

## II. DISCUSSION

Section 3583(g) of Title 18 of the United States Code states:

> If the defendant—
> (1) possesses a controlled substance in violation of the condition set forth in subsection (d);
> [(2) and (3) omitted]; or
> (4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year;
> the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Subparagraph (4), specific to drug-testing results, was added in 2002.

In 1991, the Ninth Circuit held that the district court did not abuse its discretion in finding that a defendant who had tested positive for drugs four times within three months, and who had admitted to using crystal methamphetamine twice, had "'possessed' methamphetamine within the meaning of section 3583(g)." *United States v. Baclaan*, 948 F.2d 628, 630 (9th Cir. 1991). Many other circuits likewise concluded that under the pre-2002 statute, evidence of drug use, such as positive tests and admissions, may be sufficient to support a finding of possession and trigger mandatory revocation. *See United States v. Hancox*, 49 F.3d 223, 224–25 (6th Cir. 1995) (finding that "for purposes of 18 U.S.C. 3583(g), 'use' of a controlled substance constitutes 'possession' of the substance" and observing that the First, Third, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits had so held). Although in the typical case the defendant had tested positive on several occasions, there was no minimum number of failed tests necessary for a finding of possession. *See, e.g., United States v. Courtney*, 979 F.2d 45 (5th Cir. 1992) (two failed tests); *United States v. Crace*, 207 F.3d 833 (6th Cir. 2000) (one failed test).

One circuit has considered whether the 2002 amendment adding subparagraph (4) means that drug tests can be the basis of mandatory revocation only if the defendant fails at least three of

them over a one-year period. In *United States v. Hammonds,* 370 F.3d 1032 (10th Cir. 2004), the Tenth Circuit rejected that argument. It distinguished (g)(4) from (g)(1) by observing that a person could be revoked under (g)(4) for positive drugs tests without any finding of a culpable mental state; whereas to apply (g)(1) the court must find, by a preponderance of the evidence, that "the defendant knowingly and voluntarily used the drug revealed by the drug test[.]" *Id.* at 1037. In *Hammonds,* the district court had applied (g)(1) on the basis of a single failed drug test, *id.* at 1034, and the Tenth Circuit affirmed. Since 2002, district courts continue to revoke under (g)(1) on the basis of failed drug tests. *See, e.g., United States v. Allen,* 2013 WL 1499514 (E.D. Texas Mar. 11, 2013); *United States v. Collins,* 2011 WL 6960965 (E.D. Ky. Dec. 8, 2011) ("Defendant's positive test result for marijuana in this context undoubtedly results in application of § 3583(g)(1)").

However, even if the government proves possession through positive drug tests under (g)(1), under some circumstances the court has discretion not to revoke. Section 3583(d) states: "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." Consideration of whether to apply this exception is mandatory ("shall"), and is supported by the U.S. Sentencing Commission guideline §7B1.4 n.6. If the district court finds that the exception applies, it need not revoke the defendant's supervised release.

If the court finds that the subsection (d) exception does not apply and revokes under subsection (g), it must consider the policy statements in Chapter 7 of the guidelines and determine the grade of the violation and recommended sentencing range. Having done so, however, the court may reject the suggested range and impose any sentence it deems appropriate. "The sentencing

ranges set forth in Chapter 7 are merely advisory and are not binding upon the sentencing judge." *United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir. 2003).

In this matter, the Court determined that Norita's failed drug test on May 18, 2016, and his admission that he had used ice on May 16, proved that he had possessed a controlled substance under section 3583(g)(1). However, it also found that he qualified for relief from mandatory revocation under section 3583(d). It noted that Norita was participating in a drug-treatment program under the direction of the Probation Office, that the number of sessions he is attending has been increased, and that other programs, such as the Drug Offender Re-entry Program (D.O.R.E.), may also be available. Therefore, the Court exercised its discretion to forego revoking Norita's supervised release and instead ordered him to perform an additional 100 hours of community service.

Dated this 11 day of July, 2016.

_____
RAMONA V. MANGLONA
Chief Judge